CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 01 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
_____ DIVISION

Toivania E. Gill                       )
_____,  )
                                       )
    Plaintiff(s),                      )
                                       )
v.                                     )  Civil Action No.: 7:19cv00479
                                       )  (To be assigned by Clerk of District Court)
TBG Food Aquisition Corp.              )
Kevin Allardi                          )
_____,  )
                                       )
    Defendant(s).                      )
(Enter the full name(s) of ALL parties in this lawsuit. )
Please attach additional sheets if necessary).         )

## COMPLAINT

**PARTIES**

1. List all Plaintiffs. State the full name of the Plaintiff, address and telephone number. Do the same for any additional Plaintiffs.

    a. Plaintiff No. 1

        Name: Toivania Gill

        Address: 1339 Gillette Ave. SE, Roanoke, VA

        Telephone Number: 540-904-8057

    b. Plaintiff No. 2

        Name: _____

        Address: _____

        Telephone Number: _____

2. List all Defendants. State the full name of the Defendant, even if that Defendant is a government agency, an organization, a corporation, or an individual. Include the address where each Defendant may be served. Make sure that the Defendant(s) listed below are identical to those contained in the above caption of the complaint.

   a. Defendant No. 1

      Name: TBG Food Aquisition Corp.

      Address: 68 Main St. Tuckahoe, NY 10707

   b. Defendant No. 2

      Name: Kevin Allardi

      Address: 7385 Old Mill Plantation Dr. Roanoke, VA 24018

**NOTE: IF THERE ARE ADDITIONAL PLAINTIFFS OR DEFENDANTS, PLEASE PROVIDE THEIR NAMES AND ADDRESSES ON A SEPARATE SHEET OF PAPER.**
**Check here if additional sheets of paper are attached:** ☑
**Please label the attached sheets of paper to correspond to the appropriate numbered paragraph above (e.g. Additional Defendants 2.c., 2.d., etc.).**

JURISDICTION

Federal courts are courts of limited jurisdiction. Generally, two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount of damages is more than $75,000 is a diversity of citizenship case. Federal courts also have jurisdiction over cases where the United States is a Defendant.

   3. What is the basis for federal court jurisdiction?

☑ Federal Question      ☐ Diversity of Citizenship      ☐ Government Defendant

   4. If the basis for jurisdiction is Federal Question, which Federal Constitution, statutory or treaty right is at issue? List all that apply.

   Title VII of Civil Rights Act, Americans with disabilities Act

5. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party? Each Plaintiff must be diverse from each Defendant for diversity jurisdiction.

Plaintiff No. 1: _____ State of Citizenship: _____

Plaintiff No. 2: _____ State of Citizenship: _____

Defendant No. 1: _____ State of Citizenship: _____

Defendant No. 2: _____ State of Citizenship: _____

**Attach additional sheets of paper as necessary and label this information as paragraph 5. Check here if additional sheets of paper are attached.** ☐

STATEMENT OF THE CLAIM

Describe in the space provided below the basic facts of your claim. The description of facts should include a specific explanation of how, where, and when each of the defendants named in the caption violated the law, and how you were harmed. Do not give any legal arguments or cite cases or statutes. Each paragraph must be numbered separately, beginning with number 6. Please write each single set of circumstances in a separately numbered paragraph.

6. _____

_____

_____

_____

_____

_____

_____

_____

_____

**Attach additional sheets of paper as necessary and label them as Additional Facts and continue to number the paragraphs consecutively. Check here if additional sheets of paper are attached.** ☑

REQUEST FOR RELIEF

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking.

Plaintiff is asking the Court to award $1 million dollars for pain and suffering, mental anguish, emotional distress, back pay compensation, and punitive damages to the Plaintiff Toivonia Gill.

DEMAND FOR JURY TRIAL: ☑ YES ☐ NO

Signed this 1st day of July, 2019.

Signature of Plaintiff No. 1 _Joivania Hill_

Signature of Plaintiff No. 2 _____

**NOTE:** All Plaintiffs named in the caption of the complaint must date and sign the complaint. Attach additional sheets of paper as necessary.

**Additional Defendants**

John Peterson

5527 Indian Grave Road Roanoke VA 24018


Kaylee Peterson

5527 Indian Grave Road Roanoke VA 24018

## Complaint

6. Plaintiff is a former employee of TBG Food Acquisition Corp. Plaintiff was hired in May 2017 as a front counter cashier. On or around July 1, 2017 plaintiff was subjected to discrimination based upon her race (African American). Plaintiff was removed from her regular assigned position at the front counter and into a position requiring her to do the most strenuous duties in the restaurant, despite her pregnancy. Plaintiff was removed from her position without explanation or reason by Defendant Kaylee Peterson/ Plaintiff was not trained for the position and received daily threats of write-ups or termination if the duties were not complete. Plaintiff asked to be relieved form the strenuous position because of the strain and potential harm that could be placed on her unborn child. Defendant Kaylee Peterson stated to the plaintiff that she would be relieved once someone else was hired. Co-workers of other race were not asked or required to perform the strenuous duties required of the Plaintiff. When starting the hiring process Defendant Kaylee Peterson made several racist comments to the Plaintiff encouraging her to tell "your people" that the restaurant was hiring, stated to the Plaintiff her desire to hire some of "your people", and on several occasions referred to African Americans in conversations with the Plaintiff as "your people/friends". Plaintiff discovered during co-workers hiring process that they were given access to online training. Plaintiff asked Defendant Kaylee Peterson about the training and was told that she wasn't allowed access to training because she wasn't directly hired by Defendant Kaylee Peterson. When Plaintiff inquired more about the training Defendant Kaylee Peterson stated that the plaintiff would have to do the training "on her own time" although co-workers were offered on the job and on the clock training.

7. On or around August 1, 2017 Plaintiff was party to conversations with Defendant John Peterson where he made several offensive comments about the Plaintiff's pregnancy. During one conversation Defendant John Peterson stated that "nobody wants their food made by someone with a big belly". Defendant John Peterson also made comments to the Plaintiff about why she was no longer front counter person to insinuate that the position change was contingent upon the discovery of her pregnancy. Plaintiff was also subjected to harassing remarks made by Defendant John Peterson stating that she needed to take maternity leave and repeatedly asking when she would.

8. On or around September 29, 2017 Defendant John Peterson was a party to or overheard a conversation where the Plaintiff disclosed information about the disabilities that she suffers. Defendant John Peterson then followed the Plaintiff into the restaurant's walk in fridge/freezer. Defendant John Peterson then stuck his head into the freezer are where defendant was. He immediately closed the door to the freezer and turned off the lights. As the Plaintiff tried to exit the freezer Defendant John Peterson held or blocked the exit so that the Plaintiff could not exit. The Plaintiff immediately suffered a panic attack and severe emotional distress due to her disabilities and this intentional act.

9. On or around October 2, 2017 Plaintiff reported the freezer incident to Defendant Kevin Allardi. Plaintiff explained to Defendant Kevin Allardi her fear and paranoia of returning to work with the Defendants after the incident. Defendant Kevin Allardi was aware of the incident and disregarded it to the plaintiff as "a joke". He also stated that Defendant John Peterson has worked with the company for years and that he had no intention of reprimanding him. Defendant Kevin Allardi only offered the remedy of displacing the Plaintiff at another store location. Plaintiff stated to Defendant Allardi the seriousness of her condition and the trauma caused to her. Plaintiff also stated that she was uncomfortable working alone with Defendant John Peterson. Plaintiff and Defendant Allardi agreed that Plaintiff would not work with Defendant John Peterson and to change the Plaintiff's position to one that does not require her to enter the freezer area. Plaintiff agreed to return to work. On or around Oct. 4, 2017 Plaintiff was required to work with Defendant John Peterson. Defendant John Peterson made several intimidating remarks and displayed hostile body language towards the Plaintiff. Defendant John Peterson also slandered the Plaintiff to other co-worker claiming that she was 'lazy" and "insubordinate" for not entering the

freezer. The plaintiff was subjected to daily harassment about her condition and ridiculed and belittled by co-workers and supervisors. On or around Oct. 4 20117, despite not being in the building Defendant Kaylee Peterson reported the Plaintiff to HR for allegedly not following instructions. The Plaintiff was in the bathroom most of the day suffering panic attacks and crying due to a hostile work environment.

10. After reporting the Incident to HR on or around October 4, 2017 Plaintiff was written up repeatedly by Defendant Kaylee Peterson in retaliation.

11. Plaintiff was subjected to an increasing hostile work environment and excess stress started causing complications in her pregnancy.

12. On or around November 10, 2017 Plaintiff spoke to a manager regarding the discrimination of another worker and the Plaintiff was immediately written up. When the Plaintiff asked about the negative adverse actions being used against her Defendant Kaylee Peterson stated "I just want it all this to go away". Defendant Kaylee Peterson also told the Plaintiff that she would receive another write up in a few days.

13. On November, 14, 2017 Plaintiff was given a write up of alleged incidents from August 2017 to November 2017. At that point, retaliation was evident to the Plaintiff and she felt intimidated and feared that if she proceeded with making complaints she would be faced with more harassment and retaliation.

14. Plaintiff gave birth to her child preterm on November 22, 2017 due to complications in pregnancy caused by stress.

14. Plaintiff was constructively discharged from her position on or around December 2, 2017 as a result of discrimination, harassment, hostile work environment, and retaliation.